## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KV PHARMACEUTICAL COMPANY,                )
THER-RX CORPORATION, and                  )
ALBION INTERNATIONAL, INC.                )
                                          )
          Plaintiffs,                     )
                                          )
v.                                        )      Case No. 4:08-CV-01052-JCH
                                          )
BRECKENRIDGE PHARMACEUTICAL, INC.,        )
                                          )
          Defendant.                      )
_____)

## AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS in this patent infringement action between Plaintiffs KV Pharmaceutical

Company, Ther-Rx Corporation, and Albion International, Inc., and Defendant Breckenridge

Pharmaceutical, Inc., there is likely to be disclosure of trade secret and other confidential,

proprietary and/or sensitive information, which the parties may contend to be eligible for

protection under Fed. R. Civ. P. 26(c), the parties hereby stipulate and request that the Court enter

the following order:

### 1.    Proceedings and Form of Information Governed

This Amended Stipulated Protective Order shall govern any document,[1] information or other

thing furnished by any party or nonparty (a "producing party") to any other party or nonparty in

connection with this action which is appropriately designated under the provisions of this Order. The

form of information protected includes, but is not limited to, documents produced in discovery,

responses to requests to produce documents or other things, responses to interrogatories, responses to

---

[1]The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of
the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those
terms in Rule 1001 of the Federal Rules of Evidence.

requests for admissions, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. This Stipulation shall be binding on the parties hereto when signed regardless of whether or when the Court enters the Order hereon, however, nothing shall prevent a party from moving for an Order providing any of the additional protections available under Fed. R. Civ. P. 26(c) for good cause shown.

**2.    "Confidential Information" Defined**

The term "Confidential Information" is defined to mean any document, information, or thing which is designated "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY."

(a)    Any document, information, or thing may be designated CONFIDENTIAL if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

(b)    Any document, information, or thing may be designated CONFIDENTIAL-FOR COUNSEL ONLY if it is in good faith determined by the producing party to contain confidential, commercially sensitive, or proprietary information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the party, or any other information of such sensitivity to warrant CONFIDENTIAL-FOR COUNSEL ONLY treatment, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,

2

information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

(c)     Any document, information, or thing may be designated HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY if it is in good faith determined by the disclosing party to contain confidential, commercially sensitive, or proprietary information that is so sensitive that disclosure to the opposing side on a "CONFIDENTIAL-FOR COUNSEL ONLY" basis is not sufficient to protect the information. "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" may include, by way of example and without limitation, product formulations and recipes; information identifying the constituent elements and proportions thereof of a product, or identifying the method used to determine the percent or proportionate amount of chelated minerals in a product; and confidential agreements with third parties. The foregoing includes information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3.     **Designation of Information for Protection under This Order**

(a)     **Timing and Method**

Only documents, information, or things that are reasonably believed by the producing party to qualify for protection under Fed. R. Civ. P. 26(c) may be designated as "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY." Such designation may be made by stamping or otherwise marking the material prior to production with the following words or their equivalent: "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

3

COUNSEL EYES ONLY." In the case of written material, documents or tangible items, the

designation "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY

CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall be made at the time the party

receiving the information ("the receiving party") is provided a copy of the writing or thing. In the case

of deposition testimony, paragraphs 13 and 14 shall apply.

> **(b)    Inadvertent Production**

If a party, through inadvertence, produces or provides discovery of any Confidential

Information without first labeling, marking or designating it as "CONFIDENTIAL,"

"CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

COUNSEL EYES ONLY," then the producing party may, within ten (10) days after the discovery of

the inadvertent production, give written notice to the receiving party or parties that the document, thing,

transcript or other information is "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY"

or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" and should be treated in

accordance with the provisions of this Protective Order. The receiving party or parties must treat such

document, thing, transcript or other information accordingly from the date such notice is received.

Disclosure of such document, thing, transcript or other information prior to receipt of such notice to

persons not authorized to receive it shall not be deemed a violation of this Amended Stipulated

Protective Order; however, those persons to whom disclosure was made are to be advised that the

material disclosed was "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or

"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" and must be treated in

accordance with this Amended Stipulated Protective Order.

4

**4.    Disclosure of "CONFIDENTIAL" Information**

All documents, information or other things designated "CONFIDENTIAL" are included within the meaning of Confidential Information as used in this Order and all the provisions set forth in the Order that apply to the Confidential Information also apply to material designated "CONFIDENTIAL." However, access to documents, information contained therein, other information and other things designated "CONFIDENTIAL" may be disclosed by the receiving party, subject to paragraph 8, below, to and only to:

      (a)     the attorneys of record in this action, any non-in-house attorneys of a party who are retained by the parties in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by such attorneys to provide litigation support services in this action, including the employees of said organizations;

      (b)     independent experts and consultants retained in this action by the parties or by the attorneys of record for this litigation, and the employees of such experts and consultants who are assisting them;

      (c)     three (3) individuals that are officers, directors or employees of a party that are identified below:

            For Plaintiffs KV and Ther-Rx:

            Marc Hermelin

            Greg Divis

            Scott Goedeke

            For Plaintiff Albion:

            James C. Hyde

NewYork 251756v.1

Max Motyka

Steven Ashmead

For Defendant:

Laurence D. Runsdorf

Larry J. Lapila

Anthony Mihelich

(d)     in-house counsel and their respective legal assistants and other support

personnel who do not prosecute patents involving nutritional supplements and/or patents

having claims materially related to the subject matter of the '814 patent;

(e)     the persons permitted under paragraph 13 below;

(f)     court reporters, videographers and court personnel;

(g)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(h)     photocopy, document imaging and database services and consultants

retained by counsel to set up, maintain and/or operate computer systems, litigation

databases or to convert data for inclusion in such databases; and

(i)     such other persons as hereafter may be designated by written agreement of all

parties in this action or by order of the Court, such order obtained on noticed motion (or on

shortened time as the Court may allow) permitting such disclosure.

**5.     Disclosure of "CONFIDENTIAL-FOR COUNSEL ONLY" Information**

All documents, information or other things designated "CONFIDENTIAL-FOR COUNSEL

ONLY" are included within the meaning of Confidential Information as used in this Order and all the

provisions set forth in the Order that apply to the Confidential Information also apply to material

6

designated "CONFIDENTIAL-FOR COUNSEL ONLY." However, access to documents,
information contained therein, other information and other things designated "CONFIDENTIAL-
FOR COUNSEL ONLY" shall be limited to:

(1) persons referred to in 4(a), (e), (f), (g), (h), and (i);

(2) for each party to this action, up to two (2) in-house counsel and their respective legal
assistants and other support personnel so long as they do not prosecute any patents involving
nutritional supplements and/or patents having claims materially related to the subject matter of
the '814 patent; and

(3) persons referred to in 4(b), subject to the provisions of paragraph 8(b).

Except as set forth in paragraph 13, documents, information or other things designated
"CONFIDENTIAL-FOR COUNSEL ONLY" shall not otherwise be disclosed to persons referred to
in subparagraphs 4(c) and 4(d) of this Order.

"CONFIDENTIAL-FOR COUNSEL ONLY" shall include only information that the
disclosing party reasonably contends is so sensitive that disclosure to the opposing side on a
"CONFIDENTIAL" basis is not sufficient to protect the information. "CONFIDENTIAL-FOR
COUNSEL ONLY" may include, by way of example and without limitation, non-public financial
information; product formulations and recipes; manufacturing information; sales information; and
any licensing negotiations and/or agreements.

### 6.    Disclosure of "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" Information

All documents, information or other things designated "HIGHLY CONFIDENTIAL-
OUTSIDE COUNSEL EYES ONLY" are included within the meaning of Confidential
Information as used in this Order and all the provisions set forth in the Order that apply to the
Confidential Information also apply to material designated "HIGHLY CONFIDENTIAL-

7

OUTSIDE COUNSEL EYES ONLY." However, access to documents, information contained

therein, other information and other things designated "HIGHLY CONFIDENTIAL-OUTSIDE

COUNSEL EYES ONLY" shall be limited to the following persons, and only on the conditions

further specified in paragraph 7 below:

      (1) persons referred to in 4(a), (e), (f), (g), (h), and (i);

      (2) persons referred to in 4(b), subject to the provisions of paragraph 8(b).

Except as set forth in paragraph 13, documents, information or other things designated "HIGHLY

CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall not otherwise be disclosed to

persons referred to in subparagraphs 4(c), 4(d), and 5(2) of this Order.

      "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall include only

information that the disclosing party reasonably contends is so sensitive that disclosure to the

opposing side on a "CONFIDENTIAL-FOR COUNSEL ONLY" basis is not sufficient to protect the

information. "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" may include,

by way of example and without limitation, product formulations and recipes; information

identifying the constituent elements and proportions thereof of a product, or identifying the

method used to determine the percent or proportionate amount of chelated minerals in a product;

and confidential agreements with third parties.

    **7.**    **Additional Restrictions on "HIGHLY CONFIDENTIAL-OUTSIDE
COUNSEL EYES ONLY" Information**

      All documents, information, or things designated as "HIGHLY

CONFIDENTIAL- OUTSIDE COUNSEL EYES ONLY" shall be further subject to the

following restrictions:

      (a)    "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY"

may not be copied beyond that reasonably necessary for counsel or experts to analyze

8

such material, to prepare pleadings or other papers for filing with the Court, to prepare expert reports and rebuttal reports, and to use as exhibits at deposition or trial.

(b)     Any individual attorney or patent agent to whom "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" material is provided may not, for a party, or a parent, subsidiary, or affiliate of a party, prosecute any patents involving nutritional supplements and/or patents having claims materially related to the subject matter of the '814 patent. The restrictions in this sub-paragraph shall be applicable during the pendency of this suit and for two years after the suit is terminated, either through settlement or judgment including the expiration of the time for any appeals.

(c)     A party desiring to disclose "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" information to an expert or consultant must first, in addition to signing the undertaking attached hereto as Exhibit A, submit to counsel for all other parties, a current resume, a list identifying publications of the expert or consultant for the past five (5) years, all suits in which the expert or consultant has testified in the past five (5) years, and all entities on behalf of which the expert or consultant has worked as an expert or consultant in the past two (2) years. The opposing parties shall then have five (5) business days to file an objection to such proposed disclosure to the expert or disclosure. If an opposing party files such objection, the party seeking to disclose "HIGHLY CONFIDENTIAL- OUTSIDE COUNSEL EYES ONLY" to an expert or consultant may not do so until the Court rules on the objection.

(d)     Any such expert or consultant to whom a party wishes to disclose "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" information shall not be, nor have been, an employee, officer, director, partner, or member of such party,

9

and any such expert or consultant may not accept such a position with a party until twelve (12) months after this suit is terminated, either through settlement or judgment including the expiration of the time for any appeals. Nothing herein shall prohibit such expert or consultant from being employed as an expert or consultant in connection with other litigation matters.

## 8. Declarations by Persons Receiving Confidential Information and Disclosure to Experts

(a)    As a condition precedent to disclosure of Confidential Information to the individuals identified in subparagraphs 4(b), 4(c), 4(d) and 4(i), each such individual must acknowledge receipt and understanding of this Amended Stipulated Protective Order and agree (i) to be bound thereby, (ii) to use Confidential Information solely for this action and (iii) not to disclose any Confidential Information to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of this Amended Stipulated Protective Order. A form of undertaking for this purpose is attached as Exhibit A. A copy of each executed Exhibit A shall be maintained by counsel for the party obtaining them. As a condition precedent to disclosure of Confidential Items to the individuals identified in subparagraph 4(g), each such individual must agree not to disclose publicly such Confidential Information or information derived from it.

(b)    In addition to the condition precedent set forth in paragraph 8(a) above, a party proposing to show Confidential Information to a person designated in paragraph 4(b) shall also submit a curriculum vitae which includes the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the consultant or expert and the producing party or known competitor of the producing party. The Exhibit A and curriculum vitae shall be served on all parties at least five (5) business days prior to the

10

NewYork 251756v.1

disclosure of any Confidential Information to such consultant or expert.

(c)     If a party receiving a notice pursuant to paragraphs 8(b) objects to
Confidential Information being disclosed to the selected person, such party shall serve its
objections on the sender of the notice within five (5) business days of receipt of the written
notification required by paragraph 8(b). If a written notice of objection is provided, no
Confidential Information shall be disclosed to the selected person until the objection is resolved
by an order of the Court or by an agreement among the parties involved, except as further
provided by this subparagraph. If agreement on disclosure to the person cannot be reached, the
objecting party shall have ten (10) business days after providing its written objections to seek an
additional protective order from the Court. In such case, no disclosure of Confidential
Information shall be made to the person until the Court has ruled on the motion for protective
order. If the objecting party fails to seek a protective order within that time, the objection shall
be deemed waived and Confidential Information may be disclosed to the person subject to this
Amended Stipulated Protective Order.

## 9.     Use of Confidential Information

Confidential Information shall be used by the receiving party and persons to whom it is
disclosed solely in preparation for trial and trial of this action, and any appellate proceeding
concerning this action. Confidential Information shall not be used by such party or persons for
any business or other purpose, unless agreed to in writing by the disclosing party or as
authorized by further order of the Court. No person who is furnished Confidential Information
shall disclose it to any person not entitled under this Amended Stipulated Protective Order to
receive it.

11

NewYork 251756v.1

### 10.    Court Procedures

Pleadings which contain or annex Confidential Information shall be filed in sealed envelopes on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the words "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" or their equivalent, and the following statement: "Filed Under Seal Pursuant To Protective Order."

Any Court hearing that refers to or describes Confidential Information shall in the Court's discretion be held in camera. The party seeking to use Confidential Information shall have the burden of requesting an in camera hearing.

### 11.    Party's Own Information

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a nonparty. A party is free to do whatever it desires with its own Confidential Information.

### 12.    Objections

A party may object to any designation of Confidential Information under this Order. In such event, the following procedure shall be utilized:

(a)    The objecting party or person shall give counsel of record for the party asserting the protection written notice thereof, stating the reason therefor specifying the document by production number, information or other thing as to which such objection is made.

12

(b)     If the parties cannot reach agreement concerning the matter within five (5) business days after delivery of the notice, or such shorter time as the Court may allow, then the objecting party may file and serve a motion for an order of the Court to alter the designation pursuant to this Order as to such objected to document information or thing. Such motions must be filed and served within ten (10) business days after the expiration of the five-business-day period referred to previously. Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties. The protections of this Order shall continue to apply to the objected-to document, information, or thing pending a decision by the Court.

**13.     Disclosure to Author or Addressee**

Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated as "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" to the person who is the author, addressee, or prior recipient of such document, and none of the provisions of this Order shall apply to any such disclosure.

**14.     Depositions**

Depositions may be designated by either party as "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" in accordance with this Amended Stipulated Protective Order by notifying the other party in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Preferably, a party shall state its intention to so designate the transcript on the record at the deposition. In the event that a party states its intention to designate any part of the transcript as "CONFIDENTIAL,"

13

"CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

COUNSEL EYES ONLY," all such depositions shall be treated as "HIGHLY

CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" in their entirety under this Amended

Stipulated Protective Order for a period of ten (10) business days after a transcript of said

deposition is received by the designating party, or until notification of the specific confidential

page and line numbers is received, or for such longer time as the parties may agree. In the case

of multi-day depositions conducted on consecutive business days, the ten (10) business day

period does not begin to run until the receipt of the transcript of the entire deposition by the

designating party.

## 15.    Exclusion From Deposition

Whenever any documents, information or other things designated as "CONFIDENTIAL,"

"CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL- OUTSIDE

COUNSEL EYES ONLY" are to be discussed or disclosed in a deposition, any party claiming such

confidentiality may exclude from the room any person, party or representative of party who is not

entitled to receive documents, information or other things designated as "CONFIDENTIAL,"

"CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE

COUNSEL EYES ONLY," as appropriate, unless this Court orders otherwise.

## 16.    Subpoenas

In the event any person or party subject to this Order having possession, custody or control of

any Confidential Information receives a subpoena or other process or order to produce such

information in a different proceeding or case, such person or party shall promptly notify in writing

the attorneys of record in this case of the party claiming such confidential treatment of the item,

document or information sought by such subpoena or other process or order, shall furnish those

attorneys of record in this case with a copy of said subpoena or other process or order, and shall

provide reasonable cooperation with respect to any procedure to protect such information or matter

as may be sought to be pursued by the party whose interests may be affected. If the party asserting

confidentiality makes a motion to quash or modify such subpoena, process or order, unless otherwise

ordered by a court of competent jurisdiction, there shall be no disclosure of the subject matter

objected to pursuant to the subpoena, process or order until the Court having jurisdiction over the

controversy has ruled upon the motion, and then only in accordance with the ruling so made. If no

such motion is made despite a reasonable opportunity to do so, any person or party subject to this

Order who receives any subpoena or other process or order in a different proceeding or case shall be

entitled to comply with such subpoena process or order.

### 17.    No Waiver

Other than as specified herein, neither the taking of nor the failure to take any action to

enforce the provisions of this Protective Order, nor the failure to object to any designation or any

such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief

in this action or any other action, retroactively or otherwise, including, but not limited to, the right to

claim that any information is or is not proprietary to any party, is or is not entitled to protection under

this Amended Stipulated Protective Order or that such information does or does not embody trade

secrets of any party or is not then subject to discovery pursuant to prior agreement of the parties. The

procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds

other than those related to trade secrets or proprietary information claims, nor shall it relieve a party

of the necessity of proper response to discovery devices. The execution of this agreement by any

party shall not prevent such party from asserting any objections to any discovery request on the basis

of relevancy, confidentiality, or other grounds allowed pursuant to the Federal Rules of Civil Procedure.

### 18.    No Probative Value

This Amended Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL-FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary and shall not be used against the party asserting or invoking the designation for any purpose. This Amended Stipulated Protective Order is without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. This Amended Stipulated Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as an express or implied determination or deemed admissible or offered in any action or proceeding before any court, jury, agency or tribunal as evidence of or concerning whether or not information is confidential or proprietary.

### 19.    Return of Information

16

Within sixty (60) days after the conclusion of this action whether by judgment and exhaustion of all appeals, or by settlement, all documents and information made subject to this Amended Stipulated Protective Order shall be (i) delivered to the party that furnished such Confidential Information, or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel, upon request, shall give written notice of such destruction to opposing counsel. The attorneys of record shall ensure that all the Confidential Information in the possession, custody or control of their clients, experts and consultants is also destroyed or returned to the party that furnished such Confidential Information. In no event shall a party, its experts or consultants retain a copy of the Confidential Information produced to it. Notwithstanding the foregoing, counsel of record of this action may retain one copy of the production materials, all pleadings and motions filed with the Court and/or served upon counsel and may retain one copy of each transcript of any depositions taken in this action, including any exhibits referenced therein, provided, however that access to Confidential Information contained in such pleadings, depositions, and exhibits shall be limited to counsel of record for its own internal use, and that such information shall not be provided to anyone without the express prior written permission of counsel of record for the opposing party or pursuant to a Court Order.

**20.    Miscellaneous**

Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

(a)    Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery or to which a party has a right of access independent of discovery.

(b)    Disclosing or using, in any manner or for any purpose, any information,

17

document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production.

## 21.    Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Confidential Information and Confidential Information and Confidential-For Counsel Only Information shall survive the termination of this action, and the Court shall retain Jurisdiction with respect to this Order.

18

DATED this 31st day of October, 2008.

SO STIPULATED AND JOINTLY PRESENTED BY:


/s/ Rudolph A. Telscher, Jr.
Rudolph A. Telscher, Jr.
Matthew Cutler
HARNESS, DICKEY & PIERCE, PLC
7700 Bonhomme, Suite 400
St. Louis, MO 63105
Phone: (314) 726-7500
Fax: (314) 726-7501

-and-

Bradford P. Schmidt
11730 Plaza America Drive
Suite 600
Reston, VA 20190
Phone: (703) 668-8000
Fax: (703) 668-8200

-and-

Constance S. Huttner (pro hac vice)
Craig L. Uhrich (pro hac vice)
Vinson & Elkins LLP
666 Fifth Ave., 26th Fl.
New York, NY 10103-0040
Phone: (212) 237-0000
Fax: (212) 237-0100

*Attorneys for Plaintiffs*

/s/ Jonathan F. Andres
Jonathan F. Andres
Fernando Bermudez
GREEN JACOBSON & BUTSCH PC
7733 Forsyth, Suite 700
St. Louis, MO 63105

Of Counsel:
Bruce D. DeRenzi
C. Randolph Ross
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
Telephone: (212) 895-4200
Fax: (212) 895-4201

Teresa Stanek Rea
Melissa M. Hayworth
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

*Attorneys for Defendant Breckenridge
Pharmaceutical, Inc.*

Protective order to be lifted 12/31/15
IT IS SO ORDERED this 13th day of November, 2008.

Jean C. Hamilton
U.S. DISTRICT COURT JUDGE

## EXHIBIT A
## DECLARATION REGARDING RECEIPT
## OF CONFIDENTIAL INFORMATION

I, _____ _____, declare that:

1.   My address is _____ _____, and the address of my present employer is _____.

2.   My present occupation or job description is _____
_____.

3.   My present relationship to plaintiffs/defendant is _____
_____.

4.   I have received a copy of the Amended Stipulated Protective Order (the "Protective Order") in this action.

5.   I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

6.   I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Amended Stipulated Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Amended Stipulated Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 2008, in the State of

_____.

Signature

60139463.1

20

NewYork 251756v.1